IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MANDY KEEN,<br>   *Plaintiff*, | §<br>§<br>§ | |
|    v. | §<br>§ | CIVIL ACTION NO.  1:23-CV-374-MAC-CLS |
| ONPOINT INDUSTRIAL SERVICES,<br>   *Defendant*. | §<br>§<br>§<br>§ | |

### REPORT AND RECOMMENDATION ON DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

### I. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The authority [under Rule 41(b)] flows from the court's inherent power to control its own docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

### II. Discussion

On October 13, 2023, Plaintiff filed suit against her former employer alleging that she was injured on the job and then fired "out of retaliation."  (Doc. #1 at 5.)  On her civil cover sheet,

Plaintiff checked boxes for the Fair Labor Standards Act, Labor/Management Relations, and Other Labor Litigation. (Doc. #1 at 6.) Plaintiff states she has a cause of action under "negligence" and "retaliation," and checked a box claiming her case is a class action. (*Id.*)

After thorough review of the complaint, the undersigned could not determine if the court has proper subject matter jurisdiction over Plaintiff's claims. Accordingly, the undersigned entered an order on October 18, 2023, requiring Plaintiff to file an amended complaint which answers questions about the nature of her claims, how Defendant's actions implicate federal law, and requisite information to establish jurisdiction and venue. (Doc. #3.) The order also stated that "[f]ailure by Plaintiff to file an amended pleading which complies with this order may lead to a recommendation that the lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any order of the court." (*Id.*)

The order required Plaintiff to file an amended complaint no later than twenty days from when the order was entered. (*Id.*) As Plaintiff received the order on October 25, 2023, (doc. #4), the undersigned extended Plaintiff's deadline to amend her complaint to November 14, 2023, twenty days after Plaintiff received the order. As of this date, Plaintiff has not filed an amended complaint. Plaintiff has failed to diligently prosecute this case. Therefore, the undersigned recommends this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b).

### III. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 4th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE